**THE DOW CHEMICAL CO., a Delaware corp., Plaintiff,**

v.

**SINCLAIR OIL CORP., a Wyoming corp., Defendant.**

No. 94–CV–227–B.

United States District Court, D. Wyoming.

April 30, 1998.

Mark S. Lillie, Kirkland & Ellis, Chicago, IL, for Plaintiff.

John B. Speight, Hathaway, Speight & Kunz Cheyenne, WY, Linnea Brown, Holme, Roberts & Owen, Denver, CO for Defendants.

## ORDER ON PREJUDGMENT INTEREST

BRIMMER, District Judge.

This matter having come before the Court upon Plaintiff's Motion for Adjudication of Prejudgment Interest, and the Court, having reviewed the materials on file, having heard oral argument, and being fully advised in the premises herein, hereby FINDS and ORDERS as follows:

This matter has settled, leaving only the issue of prejudgment interest for the Court's determination. The parties dispute whether and on what date prejudgment interest under CERCLA accrued in this action.

CERCLA provides that prejudgment interest begins to "accrue from the later of (i) the date payment of a specified amount is demanded in writing, or (ii) the date of the expenditure concerned." 42 U.S.C. § 6907(a). Courts have fleshed out this seemingly clear statutory language by assuming (1) that both demand and expenditure are required (despite the disjunctive), and (2) that the demand must be made by the party seeking the interest. *See, e.g., Bancamerica Commercial v. Mosher Steel of Kansas,* 100 F.3d 792 (10th Cir.1996) (denying interest to party who had failed to make demand, where another party had made demand). Further, while the statute plainly requires a written demand for a specified amount, some courts have held that a complaint that does not specify an exact amount will satisfy this requirement. *See id.* at 801 (allowing recovery of prejudgment interest where complaint stated that party has incurred response costs "in excess of $1 million"); *Matter of Bell Petroleum Services, Inc.,* 3 F.3d 889 (5th Cir.1993) (allowing recovery of prejudgment interest where complaint did not specify an amount).

In the instant case, payment was made to the EPA no later than October 30, 1991. Thus the only real dispute is whether and when the demand requirement was met. Plaintiff asserts that the requirement was met by either (1) a letter sent by the EPA to Defendant specifying an amount, coupled with Plaintiff's letter to Defendant on January 3, 1991, seeking Defendant's aid in allo-

cating those costs; or (2) the filing of the amended complaint on November 18, 1994, and an accompanying Rule 26(e) disclosure setting forth Plaintiff's computation of damages as "in excess of $3,450,000." Plaintiff's first contention must fail because even were this Court to consider Plaintiff's letter dated January 3, 1991, a demand (which it does not), the amount of the demand was specified in another writing by another party, and this clearly does not satisfy the statute's requirements. Thus the Court will proceed to consider Plaintiff's contention that the complaint satisfies the demand requirement.

As noted previously, the Tenth Circuit has allowed the filing of a complaint stating that a plaintiff had incurred response costs "in excess of $1 million" to satisfy the demand requirement. *See Bancamerica*, 100 F.3d at 801. In the instant case, however, the complaint itself did not state an amount, though a simultaneously filed computation of damages stated expenditures "in excess of $3,450,000." Thus the question presented is whether a complaint that does not specify an amount, coupled with a simultaneously filed document that does specify an amount, constitutes the requisite demand. The Court finds that it does.

In *State of Colorado v. United States*, a district court declined to follow the Fifth Circuit's holding in *Bell* that a complaint that failed to specify an amount could satisfy the demand requirement. 867 F.Supp. 948, 951 (D.Colo.1994). However, subsequent to *State of Colorado*, the Tenth Circuit cited *Bell* as supporting authority in *Bancamerica*, thereby expressing some measure of approval for *Bell's* holding. *See Bancamerica*, 100 F.3d at 801. Further, the instant case can be meaningfully distinguished from *State of Colorado*, because the computation of damages is arguably part of the complaint or incorporated therein, regardless of whether a simultaneous or attached writing can cure the failure of a written demand to specify an amount. The Court believes that this slight expansion of the Tenth Circuit's holding in *Bancamerica* is justified in order to effectu-

ate CERCLA's goals: denying an award of prejudgment interest under these circumstances would effectively penalize a party who timely paid under the statute, and could provide a windfall to a party who either attempted to frustrate or delay attainment of CERCLA's goals.

The Court feels compelled to note, however, that it finds even this marginal expansion of Bancamerica's holding troubling, for the simple reason that compliance with CERCLA's requirements for an award of prejudgment interest is so easy. In order to recover all the prejudgment interest to which it is entitled, a party need only send a letter demanding payment of the amount of the expenditure to all other potentially responsible parties immediately following the expenditure. This may perhaps seem to be a pointless formality where it is clear that demand will be made or has effectively been made (though not in compliance with the statutory requirements), but failure to respect this formality will result in the loss of some, if not all, prejudgment interest.[1] If lawyers are good at anything, they should be good at respecting seemingly pointless, but ultimately dispositive, formalities such as this one. Thus, while the Court finds that the complaint coupled with the computation of damages satisfies CERCLA's requirements for an award of prejudgment interest, it does so grudgingly.

The parties have stipulated that following a determination by the Court of the date upon which interest accrued, they will compute the interest to be awarded.[2] Therefore it is hereby

ORDERED that Plaintiff shall be awarded interest from November 18, 1994, the date of the filing of the amended complaint and the computation of damages.

---

1. In the instant case, the failure to follow this formality cost Plaintiff roughly $350,000.

2. The Court's acceptance of the November 19, 1994 date results in an award to Plaintiff of roughly $400,000 in interest.